M’Gikic, C. J.,
delivered the opinion of the Court.
This was an action of covenant, brought by Trabue against Mann; verdict and judgment for the plaintiff in the Court below. The case appears to he, that Mann, made his Covenant to Trabue) in substance, as follows, to-wit: — On the first day of June next, I promise to pay C. C. Trabue, or order, two hundred dollars, and on os *509 before the 25th of December next, two hundred dollars more, which two payments amount to four hundred dollars, is to pay for his negro woman, Fanny. If the said payments are made complete, then the said C. C. Trabue is to make a bill of sale of. said girl, but if not, I am to pay him thirty-five dollars hire for the present year, ending the 25th of December next, and return her, with good clothes, &c. On oyer of this covenant, the defendant plead to the breach assigned, that, true, he did not pay said money, nor pay the hire, and return the slave, because, that before the time had expired, in which he might have returned the slave, she died, and so he could not return her. To this plea it was replied, that though true she died, yet her death was occasioned by cruel and unusual treatment on the part of the defendant. Issue to the country was taken on this replication, and found for the plaintiff, and damages assessed. The defendant then moved the Court for judgment non obstante veridicto, for the following reasons, to-wit: that the civil injury, if any, was merged in felony. Second. That if the plaintiff could recover damages for the death of the slave, occasioned as found by the jury, that’ the remedy must he by action of trespass, and not on the covenant to return and pay the hire. As to the first of these reasons for judgment for defendant, we say this point has been decided adverse to the proposition of the defendant, in the case of Nash v. Primm. As to the second point, we are of opinion, that the Circuit Court did not err in overruling it; because here is a clear covenant to pay money for the negro, or to return and pay the hire. The law is, that if the obligor, or covenanter, disable himself, by his own act, to perform his covenant, or any member thereof, that this shall not excuse his non-performance. Here the jury have found the fact, that he did so disable himself. But on the part of the defendant it is insisted, that the death of the slave was occasioned by the act of God, and that, therefore, he is excused. In this transaction it is difficult to discover any agency on the part of God j hut we clearly perceive the agency of the defendant, and the result produced by this agency, we call the act of the defendant. There is no error on this point. On the trial of this cause, the defendant offered in evidence the record of a trial and acquittal of the defendant, for the felonious killing of this slave. This evidence was rejected by the Court, and is alledged to be error, It is insisted, on the part of the defendant, that no decision can be found which goes the length to say, that such record in a criminal case, is no evidence in a civil suit. Admit this to be correct, yet to admit this record to be evidence in this case, destroys the rule, that the judgment and verdict must be on the same point, and between the same parties. In the indictment, the point and gravamen must have been felony or no felony, and not a question, whether homicide or not; and in the civil suit, the true point was, did the defendant disable himself, by his own act, to perform his covenant? The parties are not the same. An individual of a society is not to be considered as the society itself; and, with respect to Trabue’s right to have his covenants performed to him, it is sole and several. We think there is no error on this point.
The judgment is affirmed, with five per centum damages, and costs,